**Albert Yenokovich PAPAZYAN; Vartush Papazyan, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70393.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2012.

Filed Dec. 21, 2012.

David Andrew Schlesinger, Esquire, Jacobs Schlesinger Ople & Sheppard LLP, San Diego, CA, for Petitioners.

Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, Anthony Paul

ed by 9th Cir. R. 36–3.

Nicastro, Esquire, Trial, Oil, David V. Bernal, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON and W. FLETCHER, Circuit Judges, and PIERSOL, Senior District Judge.*

## MEMORANDUM **

Albert Yenokovich Papazyan petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). Papazyan's wife, Vartush Papazyan, is a derivative applicant. This court has jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Where, as here, "the BIA reviews the IJ's decision for an abuse of discretion," we review the IJ's decision. *De Leon–Barrios v. I.N.S.*, 116 F.3d 391, 393 (9th Cir.1997). We review the IJ's credibility findings under a substantial evidence standard. *Aguilera–Cota v. I.N.S.*, 914 F.2d 1375, 1381 (9th Cir.1990).

The IJ's adverse credibility finding was supported by substantial evidence because it was based on material inconsistencies that went to the heart of Papazyan's asylum claim. *See Berroteran–Melendez v. I.N.S.*, 955 F.2d 1251, 1256 (9th Cir.1992)

(holding substantial evidence supported the IJ's and BIA's adverse credibility finding where there were material inconsistencies between petitioner's asylum application and his testimony). Thus, the IJ had sufficient basis to conclude that Papazyan failed to present credible testimony to establish his asylum claim. *Id.* at 1257–58. It follows that the IJ also had sufficient basis to conclude Papazyan failed to meet the stricter burden of proof required for withholding of removal. *Mejia–Paiz v. I.N.S.*, 111 F.3d 720, 725 (9th Cir.1997).

Finally, substantial evidence supports the IJ's denial of CAT relief because Papazyan failed to establish it is more likely than not that he would be tortured if he returned to Russia. *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

DENIED.

---

* The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for South Dakota, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.